IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THELMA PETNO | |
|     Plaintiff, | |
| v. | CIVIL ACTION FILE NUMBER 2:23-CV-00031-LGW-BWC |
| NICHOLAS BURIST, LOCKE RELOCATIONS LLC, NATIONAL INDEMNITY COMPANY, MAYFLOWER TRANSIT LLC, JOE MOHOLLAND, INC., PAYNE, INC., WESCO INSURANCE COMPANY; AND XYZ COMPANIES 1-3, | **THIS DEFENDANT DEMANDS A JURY TRIAL.** |
|     Defendants. | |

## DEFENDANT NICHOLAS BURIST'S ANSWER

Defendant Nicholas Burist answers the Complaint for Damages and shows the Court as follows.

## FIRST DEFENSE

Plaintiff failed to properly or sufficiently serve this Defendant with the Summons and Complaint.

## SECOND DEFENSE

This Court lacks personal jurisdiction and venue over this Defendant.

## THIRD DEFENSE

1.

This Defendant admits this personal injury action arises out of a July 1, 2022 motor vehicle collision, but is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

                                   2.

     This Defendant admits the Court has subject matter jurisdiction, denies this Court has personal jurisdiction and venue over him and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

                                   3.

     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

                                   4.

     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

                                   5.

     This Defendant admits he is a citizen and resident of Virginia, he was driving a 2014 ProStar International tractor VIN 3HSDJAPR7EN491357 with tag number 59AP8M and was pulling a trailer, denies Plaintiff can serve him through the Camden County Sheriff at the Camden County Jail in Georgia, but is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

6.

This Defendant admits he was a resident of Virginia and he was driving a tractor trailer in Georgia, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 16.

17.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 17.

18.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 18.

19.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 19.

20.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 20.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.

This Defendant denies the Court has personal jurisdiction or venue over him, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**DEFENDANTS' ORGANIZATIONAL STRUCTURE**

24.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.

This Defendant denies any allegations he was not capable of operating a tractor trailer in a safe and competent manner, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

33.

This Defendant denies any allegations he was untrained, unskilled, unsuitable, unexperienced or unqualified to operate a tractor trailer, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

34.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.

This Defendant denies he failed to terminate any lease, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.

This Defendant denies the allegations in paragraph 37.

38.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.

This  Defendant  is  without  knowledge  or  information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.

This Defendant denies the allegations in paragraph 43.

44.

This Defendant denies the allegations in paragraph 44.

45.

This Defendant denies improper or illegal acts, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

46.

This  Defendant  is  without  knowledge  or  information sufficient to form a belief as to the truth of the allegations in paragraph 46.

**GENERAL ALLEGATIONS**

47.

This  Defendant  incorporates  by  reference  herein  his responses to paragraphs 1 to 46 of the Complaint for Damages.

48.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was traveling south

on Interstate 95 in Camden County, Georgia July 1, 2022, and is
without knowledge or information sufficient to form a belief as
to the truth of the remaining allegations.

49.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations in paragraph 49.

50.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations in paragraph 50.

51.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations in paragraph 51.

52.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations in paragraph 52.

53.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 53.

54.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations in paragraph 54.

55.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 55.

56.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 56.

57.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 57.

58.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 58.

59.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 59.

60.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 60.

61.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

## COUNT ONE – NEGLIGENCE OF NICHOLAS BURIST

63.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 62 of the Complaint for Damages.

64.

This Defendant admits he had a CDL and earned his living driving a tractor trailer, deny this affects the standard of care, and pleads his Fifth Amendment right against self-incrimination as to the remaining allegations.

65.

This Defendant admits the allegations in paragraph 65.

66.

This Defendant admits he had a duty to operate the tractor trailer using ordinary care, but denies the remaining allegations.

67.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 67.

68.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 68.

69.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 69.

70.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 70.

71.

This Defendant admits he had a duty to operate the tractor trailer using ordinary care and comply with applicable law and regulations, but denies the remaining allegations.

72.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 72.

**COUNT TWO NEGLIGENCE OF MAYFLOWER TRANSIT**

73.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 72 of the Complaint for Damages.

74.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations that he operated the tractor trailer in a negligent or reckless manner, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

81.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

82.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### COUNT THREE – VICARIOUS LIABILITY – MAYFLOWER, AS STATUTORY EMPLOYER UNDER FMCSR

83.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 82 of the Complaint for Damages.

84.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.

This Defendant admits the allegations in paragraph 86.

87.

This Defendant admits the FMCSR defines employee to include commercial driver, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

88.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.

This Defendant admits the allegations in paragraph 95.

96.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

101.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT FOUR – NEGLIGENCE OF JOE MOHOLLAND

102.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 101 of the Complaint for Damages.

103.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

108.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

109.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT FIVE – NEGLIGENCE OF LOCK RELOCATIONS

110.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 109 of the Complaint for Damages.

111.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

116.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

117.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COUNT SIX – NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION, AND MAINTENANCE/REPAIR BY DEFENDANTS MOHOLLAND, LOCKE AND MAYFLOWER**

118.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 117 of the Complaint for Damages.

119.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.

This Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations
in paragraph 120.

121.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations he was negligent, but
is without knowledge or information sufficient to form a belief
as to the truth of the remaining allegations.

122.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations about drugs or alcohol,
but is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations.

123.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations about drugs or alcohol,
but is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations.

124.

This Defendant pleads his Fifth Amendment right against
self-incrimination as to the allegations about drugs or alcohol,

but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 125.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 126.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 127.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 128.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

129.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

130.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

131.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

132.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations about drugs or alcohol, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## **COUNT SEVEN – NEGLIGENCE OF PAYNE**

133.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 132 of the Complaint for Damages.

134.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

138.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

139.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**COUNT EIGHT – PUNITIVE DAMAGES AGAINST NICHOLAS BURIST**

140.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 139 of the Complaint for Damages.

141.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 141.

142.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 142.

143.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations in paragraph 143.

144.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

## COUNT NINE – PUNITIVE DAMAGES AGAINST DEFENDANT MAYFLOWER, LOCKE, MOHOLLAND AND PAYNE

145.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 144 of the Complaint for Damages.

146.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he is liable for punitive damages, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

147.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he is liable for punitive damages, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

148.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he is liable for punitive damages, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

149.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he is liable for punitive damages, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

150.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

## COUNT TEN – LIABILITY OF WESCO INSURANCE COMPANY

151.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 150 of the Complaint for Damages.

152.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

156.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

## COUNT ELEVEN – LIABILITY OF NATIONAL INDEMNITY COMPANY

157.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 156 of the Complaint for Damages.

158.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

160.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

## COUNT TWELVE – LIABILITY XYZ COMPANIES 1-3

163.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 162 of the Complaint for Damages.

164.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166.

167.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

168.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

**DAMAGES**

169.

This Defendant incorporates by reference herein his responses to paragraphs 1 to 168 of the Complaint for Damages.

170.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

171.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable for punitive damages, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

172.

This Defendant pleads his Fifth Amendment right against self-incrimination as to the allegations he was negligent or is liable for punitive damages, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

173.

This Defendant denies all allegations in paragraphs 1 to 172 of the Complaint for Damages he did not specifically admit.

WHEREFORE, having answered all allegations in paragraphs 1 to 172 of the Complaint for Damages, this Defendant respectfully requests judgment in accordance with the Law.

**THIS DEFENDANT DEMANDS A JURY TRIAL.**

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345

/s/ *William B. Pate*
WILLIAM B. PATE, ESQ.
Georgia bar number 793099
For the Firm
Attorneys for Defendant Nicholas Burist

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia  30339
(404) 364-4507
(404) 364-4503
Gbs@dcplaw.com
Wpate@dcplaw.com
KMoore@dcplaw.com

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANT NICHOLAS BURIST'S ANSWER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Daniel B. Snipes, Esq.
Taulbee, Rushing, Snipes, Marsh & Hodgin, LLC
Daniel B. Snipes, Esq.
P.O. Box 327 12 Siebald Street,
Statesboro, Georgia 30458

Jonathan A. Pope, Esq.
Hasty Pope, LLP
Jonathan A. Pope, Esq.
529 Green Street
Gainesville Georgia 30501

William M. Chanfrau, Jr., Esq.
Chanfrau & Chanfrau
William M. Chanfrau, Jr., Esq.
701 N. Peninsula Drive
Daytona Beach, Florida 32118

David N. Nelson, Esq.
Chambless, Higdon, Richardson, Katz & Griggs, LLP
3920 Arkwright Road, Suite 405
P. O. Box 8086
Macon, Georgia  31209-8086

Brantley C. Rowen, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
24 Drayton Street, Suite 300
Savannah, Georgia  31401

Scott W. McMickle, Esq.
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia  30009

Seth M. Friedman, Esq.
Lewis Brisbois Bisgaard & Smith, LLC
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308

I hereby certify that I have mailed by United States Postal

Service the document to the following non-CM/ECF participants:

None.

This 19th day of May, 2023.

/s/ _Grant B. Smith_
GRANT B. SMITH, ESQ.
For the Firm

54-14627.1(GBS)

-38-