IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KYLE SLOAN, individually, and as personal representative of the Estates of Rylie and Jamie Sloan,<br><br>  Plaintiff,<br><br> v.<br><br>NICHOLAS BURIST, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 2:22-cv-76 |
| THELMA PETNO,<br><br>  Plaintiff,<br><br> v.<br><br>NICHOLAS BURIST, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 2:23-cv-31 |
| RAYMOND E. TIPTON,<br><br>  Plaintiff,<br><br> v.<br><br>NICHOLAS BURIST, et al.<br><br>  Defendants. | CIVIL ACTION NO.: 2:23-cv-33 |

**O R D E R**

This matter is before the Court on Defendant Mayflower Transit's Motion to Seal Confidential Documents. Doc. 111.[1] Defendant asserts the filings—the exhibits used at various depositions—contain proprietary, confidential, business information that would be valuable to competitors. Id. at 1. Defendant Mayflower asks the Court to seal the filings for the duration of this action. Id. at 2.

The right of public access is an essential component of our system of justice. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). This right, however, is not absolute and "may be overcome by a showing of good cause." Beck v. Shinseki, CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014). "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." Id.; see Romero, 480 F.3d at 1246 (listing certain factors for a court to consider including if allowing access would impair court functions or harm legitimate privacy interests, "the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents"). "Even if the motion to file under seal meets no opposition, the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access."

---

[1] This Order addresses identical motions filed in three parallel cases, 2:22-cv-76, 2:23-cv-31, and 2:23-cv-33. The cases all arise from the same series of car accidents, as described in the background section, but are brought on behalf of different Plaintiffs. For convenience, all docket numbers in this order refer to the docket in Case Number 2:22-cv-76. The Court **DIRECTS** the Clerk of Court to docket this Order in the other two cases to reflect this Court's ruling on the separately filed Motions in all three of these related cases. Specifically, for Case Number 2:23-cv-31, Document 52 is **GRANTED**. Additionally, for Case Number 2:23-cv-33, Document 47 is **GRANTED**.

Usry v. EquityExperts.org, LLC, CV 116-10, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)).

The exhibits Mayflower asks to file under seal contain three types of information Mayflower contends should be sealed because the information would be valuable to competitors: (1) proprietary contracts; (2) corporate organizational charts for Mayflower's parent group, UniGroup; and (3) internal accounting records. The information in these exhibits does not concern public officials, nor does it affect public concerns. See Romero, 480 F.3d at 1246; see also Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) ("Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access.") (citing Jazz Photo Corp. v. United States, 439 F.3d 1344, 1358 (Fed. Cir. 2006); In re Boston Herald, 321 F.3d 174, 190 (1st Cir. 2003); and Vista India, Inc. v. Raaga, LLC, No. 07-1262, 2008 WL 834399, at *2–3 (D.N.J. Mar. 27, 2008)). The degree and likelihood of injury to Defendant Mayflower if made public would, potentially, be substantial, as the various proprietary exhibits could provide valuable information to competitors that could hurt Mayflower's ability compete in the future. Furthermore, these exhibits come from depositions that were aimed to determine whether jurisdiction is proper in this Court, a matter that does not directly affect adjudication of the merits and may not produce content admissible in a trial. See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) ("The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that directly affect an adjudication than for documents, such as certain discovery materials, that come within a court's purview solely to

insure their irrelevance.") (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Thus, the exhibits identified as confidential should be sealed.

Defendant Mayflower asks the Court to place the exhibits under seal for the duration of the case.  Permanent sealing is disfavored.  Here, the party most likely to be harmed from the unsealing, Mayflower, has given its approval for a temporary seal.  Therefore, the Court will grant the request.

For the above reasons, the Court **GRANTS** Defendants' Motion to seal these materials.  Doc. 111.  The Court hereby **ORDERS** the Clerk of Court to file Defendant Mayflower's exhibits on the docket under seal until the entry of final judgment.

**SO ORDERED**, this 4th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA